LUCIANO N. N. N., Plaintiff and Appellee, *v.* JUANA N. N. N., Defendant and Appellant.

No. R-65-202.      Decided September 5, 1967.

*Mario A. Rodríguez* for appellant. *Frank A. Colón Rivera* for appellee.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Santana Becerra, and Mr. Justice Dávila.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

We are concerned here with a minor, placed by his mother under the custody of his maternal grandmother since he was born. The father, as well as the mother of the minor, have established separate homes. The father now claims his son in order to live with him, his wife, and his three daughters, one, two, and three years old. There are true affective ties between the grandmother and her grandson four years old, one of those ties which only the union of innocence with wisdom can create. The social worker's report speaks well of both homes, but the trial court, considering the grandmother's age, reaches the conclusion that she has only ten more years to live, and it is better that the minor go now to his father's house, although it realizes that the separation of the grandson from the grandmother is liable to produce in the child certain emotional impact which the court expects will pass away.

We believe that this is a case in which the affective state created by the tender companionship of infancy should be maintained in the absence of a clear proof that the minor might be running actual risk. Not long ago we held that the concept "welfare of the minor" includes diverse factors of moral, psychic, cultural, and economic order and that the human interests involved in the determination of the custody of minors do not permit that a problem of such great importance be decided by the mere application of the juridical concept of the patria potestas—*Rodríguez v. Torres*, 80 P.R.R. 751, 753 (1958). We think that the same reasoning is applicable to a situation like this in which the proba-

bility of a future welfare is only involved at the expense of other intimate advantages.

It is only the welfare of the minor that precludes us at this moment from making the analysis of the father's conduct which is far from being exemplary.

For the reasons stated the judgment rendered by the Bayamón Part of the Superior Court of Puerto Rico on September 14, 1965, in Civil Case No. CS-65-872 of said Part, will be reversed and it is ordered that the minor remain under the custody of his grandmother.